# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br>    Plaintiff,<br>  v.<br>CAMARGO TRUCKING, *et al.*,<br>    Defendants. | **ORDER RE MOTIONS TO CONSOLIDATE**<br><br>1:12-cv-775 AWI-BAM |
| MARC ALEXANDER BENNETT,<br>    Plaintiff,<br>  v.<br>CAMARGO TRUCKING, *et al.*,<br>    Defendants. | 1:12-cv-1234 AWI-BAM |
| BILLY GENE OLVEDA,<br>    Plaintiff,<br>  v.<br>CAMARGO TRUCKING, *et al.*,<br>    Defendants. | 1:12-cv-1359 AWI-BAM |
| JOYCE SORIANO-MCDOWELL<br>    Plaintiff,<br>  v.<br>CAMARGO TRUCKING, *et al.*,<br>    Defendants. | 1:12-cv-1554 AWI-BAM |
| SABRINA COMBS<br>    Plaintiff,<br>  v.<br>AMTRAK, *et al.*,<br>    Defendants. | 1:12-cv-1576 AWI-BAM |
| RUBIELA BEHRENS<br>    Plaintiff,<br>  v.<br>NATIONAL RAILROAD PASSENGER CORPORATION<br>    Defendants | 1:12-cv-1923 AWI-BAM |

National Railroad Passenger Corporation and BNSF Railway Company (the "Railroad") move to consolidate the Railroad cases, action number 1:12-cv-775 AWI-BAM, with action numbers 1:12-cv-1234 AWI-BAM, 1:12-cv-1359 AWI-BAM, 1:12-cv-1554 AWI-BAM, 1:12-cv-1576 AWI-BAM, and 1:12-cv-1923 AWI-BAM, all arising from the same train accident. Motions were filed with each of the above entitled cases. To date, no party has objected to the motions. The motions were referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for January 4, 2013. For the reasons that follow, the Railroad's Motions to Consolidate are GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

These six cases arise out of the same train accident that occurred on August 6, 2010 at 3:50 p.m in the City of Shafter, California. The accident occurred when a tractor-trailer owned and operated by Camargo Trucking, and driven by owner Luis Camargo, collided with a train operated by Amtrak at a railroad crossing owned and maintained by BNSF Railway. Plaintiffs Marc Alexander Bennett, Billy Gene Olveda, Sabrina Combs, Joyce Soriano-McDowell, and Rubiela Behrens ("Passenger Plaintiffs") were all passengers aboard the subject train.

On October 10, 2012, the Court ordered that the cases of *Billy Gene Olveda v. Luis Camargo, et al., Marc Bennett v. Camargo Trucking, Sabrina Combs v. Amtrak, et al., Joyce Soriano-McDowell v. Luis Camargo, et al., Rubiela Behrens v. National Railroad Passenger Corporation, and National Railroad Passenger Corporation v. Camargo Trucking, et al.*, ("Related Cases") are related and that all six related actions be assigned to the same District and Magistrate Judge as *National Railroad Passenger Corporation v. Camargo Trucking, et al. See* Declaration of Kara Abelson at ¶ 2, Exhibit A (Doc. 8) ("Abelson Dec.").

On November 16, 2012, the Railroad moved to consolidate the aforementioned six Related Cases. After the motions were filed, the Court issued a Minute Order in each case ordering the Passenger Plaintiffs to file an Opposition or Notice of Non-Opposition to the Railroad's Motion to Consolidate by December 14, 2012. Plaintiffs Marc Bennett, Billy Olveda, and Joyce Soriano-McDowell filed statements indicating that they did not oppose consolidation. (Docs. 20, 18 and 19

(respectively)). Plaintiffs Sabrina Combs and Rubiela Behrens did not oppose the motion or file a statement of non-opposition. On December 18, 2012, the Court issued a Minute Order notifying Plaintiffs Combs and Behrens that because they failed to timely file an opposition to the motion to consolidate, they are not entitled to be heard in opposition to the motion. Local Rule 230(c). To date, no objections to the Court's order have been filed. Further, on that same date, in all six matters, the Court issued a Minute Order vacating the hearing set for January 4, 2012, and taking the matter under submission.

**DISCUSSION**

The Railroad asserts that these six civil actions involve common questions of law, witnesses, and largely the same operative facts, and thus, consolidation would conserve scarce judicial resources, reduce overlapping discovery, and allow the Court to make a uniform determination with respect to the rights of the parties.   The Court agrees.

Rule 42(a) of the Federal Rules of Civil Procedure provides that if "actions involving a common question of law or fact are pending before the court, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a). The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort. *See Team Enters., LLC v. Western Inv. Real Estate Trust*, 2008 U.S. Dist. LEXIS 91676 at * 4 (E.D. Cal. Oct. 20, 2008). Consolidation of appropriate cases also guards against the risk of inconsistent adjudications. *Id.* The Court has broad discretion to order consolidation of cases pending in the same district. *See Investors Research Co. v. U.S. Dist. Court for Central Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

As the Railroad asserts, these cases arise out of the same August 6, 2010 collision between a train owned and operated by Amtrak and a semi-trailer attached to a truck owned and operated by Camargo Trucking and driven by owner Luis Camargo. The matter of *National Railroad Passenger Corporation v. Camargo Trucking, et al.*, Case No. 1:12-CV-0775-AWI-BAM, is an action for property damages and indemnity brought by Amtrak against Camargo Trucking and Luis Camargo.

1  Abelson Dec. at ¶4. The other five cases brought by the Passenger Plaintiffs are personal injury
2  actions brought by passengers aboard the subject Amtrak train during the collision. Abelson Decl. at
3  ¶ 5. The Defendants in all cases are similar although not identical. Each action names at least one,
4  if not all, of the following parties as defendants: National Railroad Passenger Corporation, BNSF
5  Railway, Camargo Trucking, and Luis Camargo. Each of the cases will involve the liability of these
6  entities for the collision. Further, as indicated above, the Court has already determined that the cases
7  are related in the sense that they involve similar questions of fact and of law. Accordingly, due to the
8  overlapping nature of the parties and claims, it is reasonable and sensible to consolidate for all
9  purposes the six actions pursuant to FED. R. CIV. P. 42(a)(2). *See Team Enterprises, LLC v. Western*
10 *Investment Real Estate Trust*, 2008 WL 4712759, * 1-2 (E.D. Cal., Oct. 23, 2009) (consolidation may
11 be proper in instances where numerous lawsuits arise from the same common nucleus of operative
12 facts).

13       The Court must nonetheless weigh considerations of judicial convenience in this regard
14 against any potential for delay, confusion and/or prejudice caused by consolidation. *Southwest*
15 *Marine, Inc. v. AAA Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Due to the
16 relatively early procedural stages of both cases, no prejudice or delay would result from consolidation.
17 Further, convenience, judicial economy, and efficiency will be served by having all claims decided
18 in the same action. Finally, no party has opposed the Railroad's consolidation request. The parties
19 apparently agree on the propriety of consolidation, as there is no dispute that consolidation is
20 appropriate. Given that consensus, and following the Court's own determination that consolidation
21 will promote clarity, efficiency and the avoidance of confusion and prejudice given the above
22 enumerated common nucleus of operative facts, the Railroad's Motions to Consolidate in all six cases
23 are hereby GRANTED. All six actions are consolidated for all purposes, including trial. The lead
24 case in this consolidated action shall be *National Railroad Passenger Corporation v. Camargo*
25 *Trucking, et al.*, Case No. 1:12-cv-775AWI-BAM.

## CONCLUSION

27       For the foregoing reasons, the Court HEREBY:
28       1.       CONSOLIDATES Case No. 1:12-cv-775 AWI-BAM with Case Nos. 12-cv-1234

|   |   |   |
|---|---|---|
| 1 |   | AWI-BAM, 12-cv-1359 AWI-BAM, 12-cv-1554 AWI-BAM, 12-cv-1576 AWI- |
| 2 |   | BAM, and 12-cv-1923 AWI-BAM;  so that Case No. 1:12-cv-775 AWI-BAM |
| 3 |   | remains as the lead, open case; |
| 4 | 2. | DIRECTS the clerk to close Case Nos. 12-cv-1234 AWI-BAM, 12-cv-1359 AWI- |
| 5 |   | BAM, 12-cv-1554 AWI-BAM, 12-cv-1576 AWI-BAM, and 12-cv-1923 AWI- |
| 6 |   | BAM;  and to consolidate its docket with the docket of Case No. 12-cv-775 AWI |
| 7 |   | BAM; |
| 8 | 3. | ORDERS the parties to file all further papers in Case No. **1:12-cv-775 AWI-BAM** |
| 9 |   | and to use **Case No. 1:12-cv-775 AWI-BAM** as the correct case number; and |
| 10 | 4. | SETS an **INITIAL SCHEDULING CONFERENCE** for the consolidated cases |
| 11 |   | before Magistrate Judge Barbara A. McAuliffe on February 7, 2013 at 9:15 a.m. in |
| 12 |   | Department 8 (BAM). |
| 13 | 5. | DIRECTS the parties to submit a  JOINT Scheduling Conference Report, carefully |
| 14 |   | prepared and executed by all counsel.  The joint scheduling report shall be |
| 15 |   | electronically filed in full compliance with the requirements set forth in the Order |
| 16 |   | Setting Mandatory Scheduling Conference, one (1) full week prior to the |
| 17 |   | Scheduling Conference, and a copy shall be e-mailed, in WordPerfect or Word |
| 18 |   | format, to bamorders@caed. uscourts.gov.  The parties may appear by telephone by |
| 19 |   | arranging a one-line conference call and telephoning the court at (559) 499-5789. |

IT IS SO ORDERED.

Dated:   **January 7, 2013**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE

5