UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, *et. al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CAMARGO TRUCKING, *et. al.*, <br><br> Defendants. | CASE NO. 1:12-cv-0775-BAM <br><br> ORDER LIFTING DISCOVERY STAY AND DENYING REQUEST FOR JOINT DISCOVERY |

This matter comes before the Court on Defendants Camargo Trucking, National Railroad Passenger Corporation ("Amtrak") and BNSF Railway's (collectively "Defendants") request to consolidate discovery proceedings. On May 22, 2013, the Court held a scheduling conference. At the conference, the Court heard lengthy arguments on whether plaintiffs should be ordered to propound joint written discovery. The Court directed each party to submit a two-page statement explaining each party's position on the issue of coordinated discovery. Having reviewed the submissions of the parties, the Court rules as follows.

This case involves five consolidated personal injury and property claims arising from a train and semi-trailer collision in Shafter, California. After the accident, Plaintiff Amtrak filed the original complaint against Defendants Camargo Trucking and Luis G. Camargo, seeking relief for property damage, loss of use, and various accident-related expenses. Subsequently, thirteen passengers on the train at the time of the accident filed suit. Of the thirteen passengers, five Plaintiffs named Amtrak and/or BNSF Railway as defendants, and all of those cases were removed to federal court and are now consolidated in this action. The remaining cases are proceeding in state court.

**PARTIES' ARGUMENTS**

Defendants seek an order from the Court requiring Plaintiffs to coordinate joint discovery. Defendants argue that coordinated discovery is warranted in this matter because all of the passenger Plaintiffs' claims arise from the same nexus of facts and involve the same issues of liability. According to Defendants, discovery in complex cases is generally managed by a small discovery committee or informally managed by one lead plaintiff who consolidates questions from each plaintiff into a single set of written discovery to be propounded. In defendants' view, this approach is superior because it eliminates the need for individual discovery motions possibly burdening the Court and reduces the overall time spent by Plaintiffs' attorneys by reducing the need to draft original discovery.

Plaintiffs respond that the coordination of discovery is unwarranted for several reasons. They argue joint discovery is unduly burdensome and unnecessary for a case of this size. Coordinating discovery would require Plaintiffs to divulge their legal theories, possibly destroying attorney client privilege. Further, coordination would significantly limit the number of discoverable areas.

**LEGAL STANDARD**

A district court enjoys broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford–El v. Britton*, 523 U.S. 574, 599 (1998). The Supreme Court recognized that under Rule 26(b)(2), the trial court may, on its own motion, limit the frequency or extent of use of discovery methods if it determines the burden or expense of proposed discovery outweighs its likely benefits. *Id.* at 599. Rule 26(c) gives the trial court authority on motion, or on its own initiative, to limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c).

**ANALYSIS**

The Court finds that joint coordinated discovery by Plaintiffs is not warranted in this case. Consolidating discovery, as suggested by Defendants, may be an efficient method for conducting discovery in complex cases. This case, however, is not a complex case. It does not involve complex facts or law and it does not have the numerous parties found in multi-district litigation or a mass tort

cases. Here, six individual Plaintiffs allege run-of-the-mill general negligence claims against Defendants. Defendants have not pointed to any unique or exceptional circumstances which might justify coordination, and therefore additional coordination efforts will not result in substantial time saving for the parties. The Court is persuaded that requiring Plaintiffs to proceed with joint written discovery would create an unreasonable burden on Plaintiffs and complicate straight-forward issues. The Federal Rules of Civil Procedure dictate that discovery should be a cooperative process and not an unreasonably burdensome one. The Court is not persuaded that individual discovery propounded by plaintiffs on defendants will unduly burden defendants. Accordingly, Defendants request for an order requiring consolidated discovery is **DENIED.**

Nonetheless, the Court shares Defendants' concerns regarding manageability of this action and conservation of judicial resources. Judges of the Fresno Division of the Eastern District of California now have the heaviest caseload in the nation. Since limited judicial resources exist in the Eastern District, the Court encourages the parties to work cooperatively and utilize the many informal cooperative discovery devices in place to ensure that discovery proceeds quickly and effectively with the following guidance.

**1.    Depositions**

Counsel for the parties should meet and confer in good faith and make reasonable efforts to schedule depositions at mutually agreeable places, dates, and times before sending notices of depositions. If counsel are unable to reach an agreement on the scheduling of the depositions, then the Court is available by telephone to assist in scheduling.

**2.    Informal Discovery Dispute Resolution**

The Court routinely employs an informal discovery resolution process whereby the Court will rule on a discovery dispute via a telephonic conference, provided the parties stipulate to informal resolution. To request an informal discovery conference, the parties should contact chambers to schedule a time for the telephonic conference. The parties would then submit a two-page statement briefly describing the nature of the discovery dispute, including the facts and legal arguments at issue.

/////

/////

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**, that the Court:

1. LIFTS the stay of discovery entered February 8, 2013;
2. DENIES Defendants' request for a joint discovery plan; and
3. SHALL issue the Scheduling Order setting trial and discovery deadlines in this matter.

IT IS SO ORDERED.

Dated:   June 13, 2013                         /s/ Barbara A. McAuliffe
                                               UNITED STATES MAGISTRATE JUDGE